BEHN, APPELLANT, *v.* REGISTRAR OF SAN JUAN, RESPONDENT.

APPEAL from a Decision of the Registrar of Property Recording with Curable Defects a Deed of Sale and Delivery of Property.

No. 350.—Decided February 19, 1918.

ADMINISTRATIVE APPEAL — RECORD OF TITLE — CURABLE DEFECTS — VALIDITY OF DEED—MATTER NOT INVOLVED IN APPEAL.—When a deed of sale, grant and delivery of property has been declared valid by the registrar by being recorded, although with curable defects—for he would have denied its admission to record if in his opinion it had contained any defect neessarily vitiating the obligation, as required by article 65 of the Mortgage Law—its validity cannot be assailed in an appeal based on the defects assigned because this question would not be involved in the appeal, which should be considered and decided exclusively as to whether, the record having been made, the said defects may be assigned.

ID.—ID.—PURCHASE AND SALE—PURCHASE PRICE—COVENANTS—CONSIDERATION—CURABLE DEFECTS.—When a deed of sale, grant and delivery of property clearly states that there is no purchase price and that the only considera tion to the vendor from the vendee consists of the covenants contained in the deed, but notwithstanding this and the wording of section 1348 of the Civil Code, providing that in a contract of purchase and sale one of the contracting parties binds himself to deliver a specified thing and the other to pay a certain price therefor in money or its equivalent, the registrar holds that the parties entered into a contract of purchase and sale, he is estopped, in recording the deed, from requiring the showing of a different consideration from that which he held the parties had fixed as such.

ID.—ID.—WIFE OF PURCHASER—CURABLE DEFECT.—The omission of the name of the wife of the purchaser in a deed is a curable defect.

The facts are stated in the opinion.

*Mr. Oscar B. Frazer* for the appellant.

The respondent appeared *pro se.*

MR. CHIEF JUSTICE HERNÁNDEZ delivered the opinion of the court.

By a public deed executed in New York on August 24, 1917, before Notary Public Edward E. Miller by Edward S. Paine and Francis E. Neagle, as attorneys in fact respectively of Sosthenes Behn and Hernand Behn, the latter being married but the name of his wife not appearing, the party of the first part sells, grants and delivers to the party of the second part several specified properties belonging to him, among which are the following: (a) The undivided half of the property called El Condado, situated in the places called El Condado and Bayola of the northern section of the ward of Santurce of this municipality; (c) a two-story masonry building with a flat roof on Tetuán street; (d) a lot situated in the said place called El Condado; (e) another lot also situated in the same place called El Condado, all of which properties are described in the deed.

It is stated by both contracting parties in the said deed that the only price received by Sosthenes Behn from Hernand Behn as a consideration for the sale consists of the stipulated agreements, and that therefore there is no purchase price to be paid. The principal agreements are as follows: First. Sosthenes Behn reserves to himself and to his heirs, representatives and grantees the right to redeem all or any part of the properties conveyed within a period of ten years from the date of the deed, the said Sosthenes Behn, his heirs, representatives or grantees, paying, in case of the exercise of the right of redemption, the expenses of this contract, the expenses of reconveyance, all lawful payments made by reason of the sale and the necessary expenses incurred by the property sold. Second. In case Sosthenes Behn, his heirs, representatives or grantees should exercise the right of redemption, Hernand Behn binds himself, his heirs, representatives or grantees, to pay to the redeeming party the amount of all income, rentals, profits and proceeds of any kind after deducting the expenses and charges incurred, and further to execute any and all documents, public or private, which may be necessary or advisable to evidence or effectuate the re-

demption of the property.   Third. Hernand Behn, his heirs, representatives or grantees, at any time prior to the exercise of the right of redemption, shall have the right to sell or exchange any part or all of the property conveyed, with its profits or products, free of any right of redemption, which right in such a case is waived and released.   The proceeds, money or property received from any sale or exchange, less the proper expenses actually incurred, shall be subject to the right of redemption and in case of the exercise of said right, or in case of demand by Sosthenes Behn, his heirs, representatives or grantees, shall be paid over and delivered. Fourth. Hernand Behn, his heirs, representatives or grantees, shall have the right to lease for any period any part or all of the property conveyed, its fruits or proceeds or properties substituted therefor, the rights of Sosthenes Behn and of his successors in interest being subject to the terms and conditions of such leases.   Fifth. Hernand Behn, his heirs, representatives or grantees, shall have the right to mortgage, pledge or otherwise encumber in any manner any part or all of the property conveyed, its fruits or proceeds or properties substituted therefor, the rights and ownership of Sosthenes Behn being subject to the obligations and rights so created.   Sixth. Hernand Behn, his heirs, representatives or grantees, in case of the exercise of the right of redemption, shall render accounts to Sosthenes Behn or his successors in interest for any sums of money or property received under the provisions of the preceding stipulation. Seventh. Neither Sosthenes Behn nor his successors in interest shall be held liable for any warranty, express or implied by law, with regard to any of the property transferred. Eighth. In case of the destruction or loss of any of the properties transferred or any of the income, rents, fruits or proceeds thereof, Hernand Behn shall not be liable, except in case such destruction or loss is due to his misconduct or gross negligence.

The deed herein referred to having been presented in the

Registry of Property of San Juan, Section 1, to be recorded as to properties *a, c, d* and *e,* the registrar recorded the same on November 28, 1917, as to the properties described under the letters *a, c* and *d* and refused to record it as to property *e* because it was not recorded in the name of the vendor, entering in its stead a cautionary notice for the legal period and assigning, both in the records and in the cautionary notice, "the curable defects that the purchase price is not clearly determined and that the name of the wife of the vendee, Hernand Behn, is not given."

An appeal has been taken from the said decision to this court by the attorney for Hernand Behn, who prays for its reversal as regards the two curable defects assigned.

The deed of August 24, 1917, has been considered valid by the registrar, for if he had found that it contained any defect necessarily causing the contract to be a nullity he would have refused to record it in compliance with the duty imposed upon him by article 65 of the Mortgage Law. We cannot now question the validity of the instrument, as it is a matter without the scope of this appeal, the consideration of which must be limited to determining whether after the deed was recorded the assignment of the defects by the registrar was proper.

The deed clearly recites that there is no purchase price to be paid and that the only consideration of the contract moving from the vendee to the vendor consists in the agreements stipulated in the deed. Notwithstanding the foregoing statements and the wording of section 1348 of the Civil Code, which provides that by a contract of purchase and sale one of the contracting parties binds himself to deliver a specified thing and the other to pay a certain price therefor in money or its equivalent, the registrar having held that the parties had entered into a contract of purchase and sale, he was estopped from requiring that there should be specified a consideration different from that which he understood the parties had fixed as such. Given the classification of the con-

tract made by the registrar, the first curable defect assigned does not exist.

As to the second defect, we will refer to our decisions in the cases of *Ortiz* and *Delgado* v. *Registrar of San Germán,* 23 P. R. R. 652 and 654 respectively, holding that the said defect is curable.

Our decisions in *Ramos* v. *Registrar,* 16 P. R. R. 57, and *Vega* v. *Registrar,* 23 P. R. R. 742, are not in point, as they do not refer to public deeds but to judgments rendered in dominion title proceedings.

The decision appealed from must be reversed as to the curable defect consisting in that the purchase price is not clearly determined, and affirmed as to the other curable defect consisting in that the name of the wife of vendee Hernand Behn is not given.

*Reversed in part.*

Justices Wolf, del Toro, Aldrey and Hutchison concurred.